JUSTICE TRIEWEILER
specially concurring:
I reluctantly concur in the opinion of the majority.
It does not appear that either § 2-4-702, MCA, or § 76-2-110, MCA, allows an appeal from the county commissioners’ preliminary plat approval of a proposed subdivision. However, it does seem anomalous that the legislature would enact specific criteria, such as those found in § 76-3-608, MCA, which must be met before a local commission can approve a subdivision, and then provide no means of judicially enforcing the law.
This opinion has not dealt with the issue of whether a writ of review or certiorari is available should county commissions or other local governing bodies ignore these criteria which have been enacted to “promote the public health, safety, and general welfare.” Section 76-3-102, MCA. Therefore, I express no opinion about whether this decision leaves people who object to subdivisions, without any legal *330 remedy. However, it does seem important to me that if the legislature’s omission of an appeal provision comparable to § 76-2-110, MCA, from the Montana Subdivision and Platting Act was inadvertent, that omission be remedied for the purpose of future review.
My concurrence in the majority opinion is based simply upon the record before the Court and the legal issues raised in this case. It is not intended to imply that there is no other method by which the decisions of local governmental bodies can be reviewed judicially.